CHARLES MURADIAN, ADMINISTRATOR AD PROSEQUEN-
DUM, ETC., PLAINTIFF, v. JOSEPH PAGANESSI, DE-
FENDANT.

Decided March 16, 1925.

**Negligence—Death Act—Deceased's Brother Dependent Largely Upon Him for Support—There Were Creditors of the Deceased—Judgment of Plaintiff Objected to on the Ground of Its Inadequacy.**

On application of plaintiff for a rule to show cause why a new trial should not be granted.

Before Justices KALISCH, KATZENBACH and LLOYD.

For the plaintiff, *Gross & Gross.*

For the defendant, *McDermott, Enright & Carpenter.*

PER CURIAM.

The above action was instituted under the Death act to recover damages for the wrongful killing of Thaddeus George Muradian. The plaintiff, Charles Muradian, as administrator *ad prosequendum,* was a younger brother of the deceased and the only next of kin. The Muradians were Armenians. The deceased was thirty-seven years of age at the time of the accident, from which his death resulted. He was engaged in the real estate business in Jersey City. His estate was small. Some three years prior to his death the deceased had brought his youngr brother, Charles, to this country. For six months after his arrival Charles, apparently, did nothing, and was supported by his brother. They lived together. A discussion on the subject of religion resulted in their separation temporarily. Charles then became engaged in the grocery business in New York City.

Notwithstanding the difference, the deceased continued to contribute to the support of Charles. Some two weeks prior to his death, Thaddeus had arranged with a Dr. West for

Charles to be in his office and study to become an eye specialist. Charles obtained from Dr. West $10 a week, which was insufficient for his support. The balance of the money necessary for his support came from Thaddeus. After the death of Thaddeus, Charles was obliged to give up his studies and his position with Dr. West. The contribution made by Thaddeus towards the support of Charles, according to the testimony of Charles, was, approximately, $30 a week. This was partly in the form of money and partly in the form of clothes purchased by Thaddeus for Charles, and in room rent and board paid by Thaddeus.

Thaddeus was not married, or engaged to be married, but was paying attention, apparently, to a Mrs. M. Mrs. M. was a creditor of his estate, so that it is somewhat difficult to determine whether the attentions of Thaddeus were for the purpose of borrowing money or matrimony.

The jury rendered a verdict of $100. Application was made in behalf of the plaintiff to the Circuit Court judge who tried the case for a rule to show cause why the verdict should not be set aside. This application was denied. The application is now presented to this court. The ground urged is the inadequacy of the damages. The circumstances of the case are somewhat unique. The deceased, from the testimony, appears to have been very generous with his brother for the slender means which he had. We think, at least, that the plaintiff is entitled to argue the question of inadequacy of damages before this court.

During the trial of the case the trial court permitted the plaintiff to be asked whether or not he did not get all his brother's life insurance. The question was objected to but was admitted. This would, naturally, have a tendency to decrease the damages. It has been held in numerous cases that it was error in an action for damages for wrongful death to admit evidence of the amount of insurance collected on the life of the deceased. *Brabham* v. *Baltimore and Ohio Railroad Co.*, 220 *Fed. Rep.* 35.

The application for a rule to show cause will be granted, and a rule may be presented to us for allowance.